# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| RAFAEL M. HERNANDEZ,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:09CV1066 DAK |

   This matter is before the court on Petitioner's Motion Under 28 U.S.C. § 2255. On June 16, 2009, Petitioner pleaded guilty to Count 1 (violation of 21 U.S.C. § 841(a)(1) - Possession of Methamphetamine with Intent to Distribute) of an 11-count Superceding Indictment. On October 14, 2009, he was sentenced to 165 months in the custody of the Bureau of Prisons, followed by a 60-month term of supervised release.

   In his § 2255 Petition, he argues that his attorney convinced him to sign his plea agreement, but that he does not read or write English, implying that he did not understand the agreement. In addition, he claims that there are several untrue statements in the plea agreement and in his pre-sentence report, but he does not state which items are untrue. He also contends that he had inadequate representation because his attorney "never explained anything with my case [and] there are several occasions where I did not understand what was happening to me and my lawyer stated don't worry about it. [H]e stated he would come talk to me and never would."

As discussed during the Rule 11 colloquy, and as stated in his Statement in Advance of Plea, Petitioner "knowingly, voluntarily and expressly" waived his right to challenge his conviction, sentence, and the manner in which the sentence is determined in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255. In exchange for Mr. Hernandez's agreement to waive this right, among other rights, the Unites States agreed to (1) recommend that his offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility; (2) move for an additional one-level reduction in the defendant's offense level, under certain circumstances, in accordance with Sentencing Guideline § 3E1.1(b); (3) recommend dismissal of Counts 2, 3, 4, 5, 6, 7, 9, 10, and 11 of the Superseding Indictment; (4) refrain from filing a sentencing enhancement pursuant to 21 U.S.C. § 851;[1] and (5) release its interest in a 1996 mobile home.[2] The government complied with its agreement under the Plea Agreement, but by filing this challenge to his sentence, Petitioner has not.

In the Tenth Circuit, a defendant will be held to the terms of a lawful plea agreement. *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir.1998). The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks. *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were

---

[1] Had the government filed a sentencing enhancement, Defendant would have faced a minimum mandatory term of 25 years.

[2] *See* Statement in Advance of Plea at 5-6.

knowingly and voluntarily made.").

The court ensured that Mr. Hernandez understood his plea agreement and that he was voluntarily entering the plea agreement, as provided in Rule 11 of the Federal Rules of Criminal Procedure. The court also ensured that there was a factual basis for the plea. Moreover, Defendant was provided an interpreter at the change of plea proceeding. There was–and is–no reason to believe that Defendant did not understand the agreement or that he did not enter the agreement voluntarily. The court found then, and it finds again now, that Mr. Hernandez knowingly and voluntarily agreed to the terms of the Plea Statement, and he is therefore bound to the terms agreed upon.

There is an exception to the rule for challenges claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement. *Cockerham*, 237 F.3d at 1183. To succeed on an ineffective assistance of counsel claim, Petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Petitioner has not satisfied either of these prongs. There is no support in the record for finding that Petitioner's counsel was ineffective or that Petitioner was prejudiced at any stage of the proceedings. Petitioner fails to give even one example of a prejudicial action. Representation is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The representation provided to Mr. Hernandez certainly did not fall below an objective standard of reasonableness. Moreover, Petitioner

appears to be unaware of the fact that he received a sentence well below his Guideline range of 210-262 months. Petitioner's claim that he received ineffective assistance of counsel is entirely without merit.

## RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[3]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED, and the court declines to issue a Certificate of Appealability. The Clerk of Court is directed to close this case.

DATED this 30th day of June, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[3] *See* Rules Governing Section 2255 Proceedings for the United States District Courts.